# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **ANTOINE MAURICE MOORE,** | ) | **CASE NO. 3:18 CV 2918** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **LUCAS COUNTY SHERIFF** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

     *Pro se* Petitioner Antoine Maurice Moore ("Moore" or "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with a criminal case in the Lucas County Court of Common Pleas (Case No. CR 18-2589 ("State Case")).[1] (Doc. #: 1 ("Petition")). Moore states that he pled guilty to "B & E" and not guilty to complicity to escape. (*Id*. at 2). According to the Petition, the State Case was "nolle dismissed" and the "federal courts took over the case for investigation," and a federal criminal case is pending in the Northern District of Ohio (Case No. 3:18-cr-532 ("Federal Case")). (*Id*. at 1, 5, 8). The public docket[2] for the State Case indicates that, at the request of the State, the case was dismissed "nolle prosequi" without prejudice, and the "Defendant ordered discharged" and "Bond Ordered

---

[1] The Court previously dismissed a petition filed by Moore without prejudice. (*See* Case No. 3:18-cv-2067).

[2] *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454 (N.D. Ohio 2012) (a court may take judicial notice of public documents not reasonably open to dispute, such as dockets from other courts) (citations omitted).

released." (*See*

http://lcapps.co.lucas.oh.us/onlinedockets/Docket.aspx?STYPE=1&PAR=CR201802589-000&STARTDATE=01/01/1900&ENDDATE=01/01/2100&PARTY=D,1&LCKEY=4hTjdlDbB5OAKV9YEkZ10Q%3d%3d).

Moore describes his grounds for relief in the Petition as follows: "falsely accused by sheriff's department for aiding escape." He asks this Court for relief "from the conviction or prosecution of the states judgment in federal courts." (*See* Petition at 5, 15).

After a petition for a writ of habeas corpus is filed, the Court must promptly undertake a preliminary review. "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4, Rules Governing § 2254 cases; *see also* 28 U.S.C. § 2243.

Federal habeas corpus review under § 2254 is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On the face of the Petition, it does not appear that Moore is in custody pursuant to a state court judgment given that the State Case against him was dismissed and the Federal Case against him was commenced. Even if Moore is in custody pursuant to the judgment of a state court, the Petition does not identify any constitutional right or laws of the United States that the State of Ohio has violated by holding him in custody. Moreover, "[s]tate prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509 (1982)). Moore has not challenged in state court the dismissal of the State Case by the

Lucas County Court of Common Pleas, or any other aspect of the State Case.

On the face of the Petition and by the terms of the statute, Moore is not entitled to habeas review under 28 U.S.C. § 2254. Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith,[3] and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　_s/Dan Aaron Polster_　12/28/2018_
　　　　　　　　　　　　　　　　　　　　**DAN AARON POLSTER**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-3-